[Cite as *Dolan v. Ohio Dept. of Transp.*, 2011-Ohio-3775.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MICHAEL J. DOLAN, II

 Plaintiff

 V.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 12

 Defendant

 Case No. 2010-11889-AD

Clerk Miles C. Durfey

<u>MEMORANDUM DECISION</u>

{¶ 1} Plaintiff, Michael J. Dolan, II, filed this action against defendant, Department of Transportation (ODOT), contending that his 2008 Suzuki Forenza was damaged as a proximate cause of negligence on the part of ODOT in maintaining a hazardous condition on Interstate 77 South in Cuyahoga County. Specifically, plaintiff related that two rims, two wheel covers, two tires, and a fender well on his Suzuki Forenza were damaged when the vehicle struck "a very large pothole" located "just past the Grant Road (exit 158) sign" in the right lane of Interstate 77. Plaintiff recalled that the described incident occurred on November 6, 2010 at approximately 9:35 p.m. In his complaint, plaintiff requested damage recovery in the amount of $959.44, the total cost of replacement parts and related repair expense he incurred resulting from the November 6, 2010 occurrence. Also, attached with the complaint is a photograph depicting the damage-causing pothole on Interstate 77. The photograph shows a

massive pavement deterioration estimated at 68" long, 10" wide and 4" deep. Another submitted photograph of the pothole shows that the defect is so extensive that it has completely obliterated the painted white edge line of the right lane of the roadway. The filing fee was paid.

{¶ 2} Defendant denied liability in this matter based on the contention that no ODOT personnel had knowledge of the pothole prior to plaintiff's November 6, 2010 damage occurrence. Defendant professed ignorance regarding the length of time that the pothole existed prior to plaintiff's incident. Defendant located the pothole "at state milepost 158.6 or county milepost 11.44 on I-75 in Cuyahoga County." Defendant suggested that, "it is more likely than not that the pothole existed in that location for only a relatively short amount of time before plaintiff's incident."

{¶ 3} Furthermore, defendant asserted that plaintiff has failed to produce evidence to show his damage was attributable to conduct on the part of ODOT. Defendant contended that plaintiff failed to provide any evidence to show the roadway was negligently maintained. Defendant advised that the ODOT "Cuyahoga County Manager conducts roadway inspections on all state roadways within the county on a routine basis, at least one to two times a month." Apparently, the massive roadway defect at milepost 158.6 on Interstate 77 was not discovered the last time that section of roadway was inspected prior to November 6, 2010. The claim file is devoid of any inspection record. Defendant did submit a "Maintenance History" record for the time period from May 1, 2010 to November 6, 2010 regarding "pothole patching" on Interstate 77 in Cuyahoga County. No additional maintenance activity is included on this record. Defendant stated that, "[t]he roadway was in relatively good condition at the time of plaintiff's incident." Additionally, defendant stated that, "[a] review of the six-month maintenance history for the area in question reveals that no (0) pothole patching operations were conducted in the general vicinity of plaintiff's incident." The submitted "Maintenance History" recorded that the last time ODOT personnel patched potholes on Interstate 77 prior to November 6, 2010, was on July 26, 2010 when patching operations were conducted at milepost 163.05. Defendant noted "that if ODOT personnel had detected any defects they would have promptly been scheduled for repair."

{¶ 4} Defendant pointed out that the damage-causing pothole at milepost 158.6

"is on or past the white (edge) line." Defendant referenced the submitted photographs when advising the precise location of the pothole. Defendant asserted that the damage-causing pothole was not located on the traveled portion of the roadway and generally, a plaintiff may not recover for property damage caused by a roadway defect located off the traveled portion of the roadway on the berm area. Defendant insisted that the photographic evidence depicted a defect located on the edge of the right-hand lane and not on the traveled portion of the roadway. The trier of fact disagrees. Upon review of the submitted photographs, the trier of fact finds the pothole, which is massive in size, totally obliterated the white edge line; a portion of roadway designed for travel. This court has previously held that "[a] roadway defect that obliterates the white painted edge line is considered to exist on the traveled portion of the roadway." *White v. Dept. of Transp.*, Ct. of Cl. No. 2009-04971-AD, 2009-Ohio-7110 ¶8.¶ Considering other criteria are met, ODOT may bear liability for damage caused by roadway defects located on the roadway edge line.

{¶ 5} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 6} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67

Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 7} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179.

{¶ 8} Ordinarily, to recover in a suit involving injury proximately caused by roadway conditions including potholes, plaintiff must prove that either: 1) defendant had actual or constructive notice of the condition and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. Plaintiff has not provided any evidence to prove that ODOT had actual notice of the damage-causing condition. Therefore, in order to recover plaintiff must offer proof of defendant's constructive notice of the condition as evidence to establish negligent maintenance.

{¶ 9} "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 48 O.O. 231, 105 N.E. 2d 429. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. In order for there to be a finding of constructive notice, plaintiff must prove, by a preponderance of the evidence, that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD; *Gelarden v. Ohio Dept. of Transp., Dist. 4*, Ct. of Cl. No. 2007-02521-AD, 2007-Ohio-3047.

{¶ 10} Plaintiff has not produced any evidence to indicate the length of time that the pothole was present on the roadway prior to the incident forming the basis of this

claim. Plaintiff has not shown that defendant had actual notice of the condition. Also, the trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the pothole appeared on the roadway. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. Furthermore, generally, size of the defect is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. However, in the instant claim, the trier of fact finds the photographic evidence depicting the massive pavement deterioration resulting in a crater-like defect, is sufficient to establish constructive notice. Additionally, the trier of fact finds it is extremely unlikely periodic inspection activity would not have discovered the damage-causing defect at milepost 158.6. The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. The court does not find defendant's assertions persuasive that routine patrols were conducted or that the roadway was adequately maintained. Conversely, the trier of fact finds that there is no evidence that the roadway was routinely inspected or that the inspection was adequate. *Kornokovich v. Ohio Dept. Of Transp.*, Ct. Of Cl. No. 2009-05641-AD, 2009-Ohio-7123. Therefore, based on the rationale of *Denis*, the court concludes that defendant is liable to plaintiff for all damages claimed, $959.44, plus the $25.00 filing fee costs. *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E. 2d 990.



Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MICHAEL J. DOLAN II

Plaintiff

v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 12

Defendant

Case No. 2010-11889-AD

Clerk Miles C. Durfey

ENTRY OF ADMINISTRATIVE
DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $984.44, which includes the filing fee. Court costs are assessed against defendant.

MILES C. DURFEY
Clerk

Entry cc:

Michael J. Dolan II
9757 Firestone Lane
Macedonia, Ohio 44056

Jerry Wray, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio 43223

RDK/laa
3/29
Filed 4/20/11
Sent to S.C. reporter 7/29/11